

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| James P. Fahy, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Portfolio Recovery Associates, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, James P. Fahy, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. The Plaintiff, James P. Fahy, is a resident and citizen of the State of Alabama, Jefferson County, is over the age of twenty-one (21) years, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Portfolio Recovery Associates, LLC, is a Virginia corporation with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia, 23502. In all respects and at all times relevant herein, Portfolio Recovery Associates, LLC, was doing business in the State of Alabama. Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about July 1, 2008, the Plaintiff began receiving telephone calls from Defendant on his cell phone. Defendant repeatedly called the Plaintiff's cell phone without the Plaintiff's permission. Said calls continued through October, 2008.

7. Some of the calls made to Plaintiff's cell phone were automated calls wherein a message would be left to call back and a toll free number given. However, these calls and messages did not identify the company leaving the message and did not specify that said calls were from a debt collector.

8. The Defendant's agents also telephoned the Plaintiff's cell phone and left messages on the Plaintiff's voice mail stating that it was "urgent that the Plaintiff contact them back immediately or they would proceed with filing a lawsuit."

9. On or about July 7, 2008, the Plaintiff received a letter from Defendant stating that a payment in the amount of $3,546.76 by July 25, 2008, would settle his account. After this letter, the Defendant continued to call the Plaintiff demanding money. The Plaintiff informed Defendant that he had never agreed to settle the account, and that he in fact disputed the account.

10. On or about July 21, 2008, the Plaintiff received a second letter from Defendant again stating that a payment in the amount of $3,546.76 by July 31, 2008, would settle his account.

11. On July 24, 2008, the Plaintiff sent a letter to Defendant via certified mail, stating that he had not agreed to settle the account and that in fact, he disputed all charges on the account and refused to make any payments on the account. Additionally, the Plaintiff requested complete verification of all payments made on the account, all charges made to the account, and all penalties added to the account. Finally, the Plaintiff told the Defendant to stop calling him until the disputes could be resolved. The Defendant received this letter on or about August 4, 2008.

12. After receiving the Plaintiff's cease and desist letter, the Defendant continued to call the Plaintiff. Specifically, Defendant called the Plaintiff on October 13, October 21, October 22, October 23, and several other dates thereafter.

13. The Defendant never provided any verification of the alleged debt to the Plaintiff.

## COUNT ONE
## INVASION OF THE RIGHT OF PRIVACY

14. The Plaintiffs adopt the averments and allegations of paragraphs 6 through 13 hereinbefore as if fully set forth herein.

15. The Defendant undertook, directed, and/or caused a series of communications to be made to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy after repeated requests that the Defendant, its agents, assigns and/or employees no longer contact him. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt the Plaintiff had previously disputed.

16. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff alleges that the communications were made

by various individuals who were the employees, agents and/or assigns of the Defendant Portfolio Recovers Associates, LLC.

17. Plaintiff repeatedly and continuously disputed responsibility for the debt and requested the collectors stop calling him. The Defendant, their employees, agents, and/or assigns refused to cease communicating directly with the Plaintiff.

18. Said communications constitute the wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into her solitude and seclusion.

19. As a proximate consequence of said invasion of the right of privacy, the Defendant caused the Plaintiff to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, physical pain and sickness, and mental anguish.

## COUNT TWO
## FAIR DEBT COLLECTIONS PRACTICES ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 6 through 19 hereinbefore as if fully set forth herein.

21. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

22. Defendant violated §1692c(c) by continuing to communicate with the Plaintiff after receiving written notice that the Plaintiff disputed the debt and requested validation of the account.

23. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

24. Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant were made recklessly, willfully, and/or intentionally.

25. Defendant falsely represented or implied that the collector was an attorney or that any communication was from an attorney in violation of §1692e(3).

26. Defendant threatened to take action that could not legally be taken or which Defendant did not intend to take in violation of §1692e(5). Specifically, Defendant told Plaintiff that if the payment was not made to settle the account, a lawsuit would be filed against him.

27. The Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

28. As a proximate result of Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

29. The Plaintiffs adopt the averments and allegations of paragraphs 6 through 28 hereinbefore as if fully set forth herein.

30. Defendants knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

31. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

32. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

33. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations of paragraphs 6 through 33 hereinbefore as if fully set forth herein.

35. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

36. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

37. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

38. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant, Portfolio Recovery Associates, LLC, for the following:

A. Actual damages for Defendant's violations of the FDCPA;

B. Statutory damages of $1,000 for the Plaintiff pursuant to 15 U.S.C. §1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D.  Compensatory and punitive damages in excess of the jurisdictional requirements of this Court, from Defendant on Plaintiff's State law claims in an amount to be determined by a jury; and

E.  For such other and further relief as the Court may deem just and proper.

*[signature]*
Penny Hays Cauley ASB-6309-A63P
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
P. O. Box 509
Darlington, SC 29540
(843) 665-1717
(843) 665-1718 facsimile

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*[signature]*
Penny Hays Cauley (ASB-6309-A63P)

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**
Portfolio Recovery Associates, LLC
C/o Judith Scott, Registered Agent
120 Corporate Boulevard
Norfolk, VA 23502

Portfolio Recovery Associates, LLC
C/o Steve Fredrickson, President and CEO
120 Corporate Boulevard
Norfolk, VA 23502